UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAHIL CHAUDHARY ,

                          Petitioner,

        v.

WILLIAM P. BARR, et al.,

                          Respondents.

CASE NO. C20-635-RSM-BAT

**ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER**

## I.        INTRODUCTION

Petitioner Chaudhary is an immigration detainee in U.S. Immigration Customs and Enforcement ("ICE") custody at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.  Proceeding through counsel, he filed a habeas petition pursuant to 28 U.S.C. § 2241 and Complaint for injunctive relief seeking a stay of removal, Dkt. #1, and a Motion for Temporary Restraining Order ("TRO") requesting the same relief, Dkt. #2.  The TRO Motion was denied by this Court. Dkt. #3.  He has now filed a Second Motion for TRO. Dkt. #10.  Respondents have not yet filed notice of intent to respond.  Having considered Petitioner's submissions, the balance of the record, and the governing law, the Court DENIES Petitioner's Second Motion for TRO.

## II.        BACKGROUND

The background facts of this case have been set forth in the Court's prior Order and are

1   incorporated herein by reference.  *See* Dkt. #3.

2          Petitioner now informs his attorney who states via declaration that on June 8, 2020,

3   Petitioner was taken to a room at the Northwest ICE Processing Center and told by an ICE officer

4   that he "must provide his passport within 24 hours or he would have to sign a document agreeing

5   to his immediate removal, and that he would be immediately deported." Dkt. #10-1 at 3.  Petitioner

6   replied to the officer that he did not have his passport and that he was represented by counsel who

7   had filed a petition on his behalf.  *Id*.  The officer then apparently told him to contact his counsel

8   to submit the identity documents.  Petitioner's counsel declares that he was contacted today by a

9   friend of Mr. Chaudhary's (unnamed in the declaration) who said "Mr. Chaudhary was taken by

10  ICE/ERO at 9:30 AM this morning to have his photos taken and was told that he must submit

11  identity documents." *Id*.  Today an ICE officer also contacted Petitioner's counsel to obtain

12  Petitioner's identity documents.  *Id*.  Given these circumstances, Petitioner's counsel has filed a

13  second TRO seeking to stay deportation.

14                              **III.     DISCUSSION**

15         In evaluating whether to issue a stay, the Court considers four factors: "(1) whether the

16  stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether

17  the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

18  substantially injure the other parties interested in the proceeding; and (4) where the public interest

19  lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam) (quoting *Nken v.*

20  *Holder*, 556 U.S. 418, 434 (2009)).  This test is also satisfied where a petitioner shows "that

21  irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that

22  the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and

23  that the balance of hardships tips sharply in the petitioner's favor." *Id.* at 970.

ORDER DENYING SECOND MOTION FOR
TEMPORARY RESTRAINING ORDER - 2

A petitioner must show that an irreparable injury is the more probable or likely outcome if the request for a stay of removal is denied. *Leiva-Perez*, 640 F.3d at 968 (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). "Although removal is a serious burden for many [noncitizens], it is not categorically irreparable." *Nken*, 556 U.S. at 435. Thus, to satisfy this element, a petitioner "must show that there is a reason specific to his or her case, as opposed to a reason that would apply equally well to all [noncitizens] and all cases, that removal would inflict irreparable harm . . . ." *Leiva-Perez*, 640 F.3d at 969. Factors bearing on irreparable harm include, but are not limited to, whether removal would effectively prevent a noncitizen from pursuing a petition for review, physical danger to the individual if returned to his or her home country, separation from family members, medical needs, and potential economic hardship. *Id.* at 969-70.

The Court has reviewed the additional submitted facts and briefing and again finds that the allegations in Petitioner's habeas petition and Motion do not establish a probability of irreparable harm for two reasons. First, Petitioner has failed to present sufficient evidence that his removal is imminent or even scheduled to occur. The new declaration submitted by Petitioner's counsel states only that his client was informed that he would be deported soon if he did not provide his passport; subsequent communications indicate that Petitioner's counsel has been given the chance to provide that passport and that the deportation has likely not been scheduled. The Court, and indeed Petitioner's counsel, are left to speculate as to what is happening. The Court is troubled by the evidentiary weakness of certain facts submitted, *e.g.*, Petitioner's counsel declaring that an unnamed friend of his client told him that his client told him that he was told that he must submit identity documents.

Second, Petitioner has failed to provide any additional factual support for the proposition

ORDER DENYING SECOND MOTION FOR
TEMPORARY RESTRAINING ORDER - 3

that he would face physical danger or other irreparable injury if returned to India.  The Court has already ruled that Petitioner has failed to demonstrate a likelihood of future harm from deportation and that this was a basis to deny TRO relief.  *See* Dkt. #3.  Now Petitioner's counsel adds only that his prior failure to demonstrate physical danger or irreparable injury if returned to India "may be impacted by the newly provided evidence" of a CD recording of the credible fear interview.  Dkt. #10 at 5.  This is inadequate.  The Court notes that Petitioner has had several weeks to inform his counsel verbally of additional supporting facts after being informed of the Court's prior Order denying his Motion for TRO.

Given the absence of irreparable harm, the Court need not proceed to analyze the remaining factors to rule on this Motion.

## IV.    CONCLUSION

Having reviewed the record and briefing from Petitioner, the Court DENIES Petitioner's Second Motion for a TRO, Dkt. #10.

DATED this 11th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING SECOND MOTION FOR
TEMPORARY RESTRAINING ORDER - 4