UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAHIL CHAUDHARY,

        Petitioner,

v.

WILLIAM BARR, et al.,

        Respondents.

CASE NO. C20-635-RSM-BAT

**REPORT AND RECOMMENDATION**

Petitioner, proceeding through counsel, initiated this 28 U.S.C. § 2241 habeas action to obtain a stay of removal and challenge his expedited removal order based on a negative credible fear determination by an asylum officer and immigration judge. Dkt. 1. The Court declined to stay his removal. Dkts. 3, 11. The Government subsequently moved to dismiss. Dkt. 6.

Although the Immigration and Nationality Act ("INA") precludes judicial review of Petitioner's claims, *see* 8 U.S.C. § 1252(e)(2), the Ninth Circuit in *Thuraissigiam v. U.S. Department of Homeland Security*, 917 F.3d 1097 (9th Cir. 2019), held that § 1252(e)(2) violates the Suspension Clause as applied to claims like Petitioner's. On June 25, 2020, however, the Supreme Court reversed the Ninth Circuit, holding that § 1252(e)(2)'s prohibition on judicial review does not violate the Suspension or Due Process Clauses and remanding for dismissal of

REPORT AND RECOMMENDATION - 1

the habeas petition. *U.S. Dep't of Homeland Sec. v. Thuraissigiam*, --- S. Ct. ----, 2020 WL 3454809, at **3, 7-9, 17-19 (June 25, 2020).

Given the Supreme Court's decision, it is clear that this Court does not have jurisdiction to consider Petitioner's claims. Accordingly, the Court recommends that the Government's motion to dismiss, Dkt. 6, be GRANTED and Petitioner's habeas petition be DISMISSED without prejudice for lack of jurisdiction.

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **July 16, 2020.** The Clerk should note the matter for **July 17, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed nine pages. The failure to timely object may affect the right to appeal.

DATED this 26th day of June, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 2